# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0169** (Hampshire County 15-F-88)

**Christopher Lee Haymond,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher Lee Haymond, by counsel William T. Rice, appeals the Circuit Court of Hampshire County's February 8, 2016, order sentencing him to seven terms of incarceration of one to fifteen years following his conviction on seven counts of delivery of a controlled substance. The State, by counsel David A. Stackpole, filed a response. On appeal, petitioner argues that the circuit court erred in imposing consecutive sentences and that he received ineffective assistance of counsel at trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April and May of 2015, petitioner sold heroin and Oxycodone totaling over $1,000 to a confidential informant over several occasions. Thereafter, petitioner was indicted on seven counts of delivery of a controlled substance. In November of 2015, following a jury trial, petitioner was found guilty of all seven counts in the indictment.

In January of 2016, the circuit court held a sentencing hearing, during which it noted that petitioner's lengthy criminal history included criminal conduct in West Virginia, Virginia, Maryland, Pennsylvania, and Florida, in addition to a pending felony fugitive warrant from Virginia. The circuit court also noted that the Federal Bureau of Investigation maintained a file on petitioner. Further, petitioner's presentence investigation report noted a "very high risk" of recidivism within one year. Moreover, the State presented the circuit court with evidence of petitioner's behavioral issues while incarcerated, including petitioner's own admissions to flooding the jail by breaking a sprinkler system and spraying an officer with his feces. Ultimately, the circuit court sentenced petitioner to one to fifteen years of incarceration for each individual count. The circuit court ordered that each of the five one to fifteen year sentences for delivery of heroin were to run consecutively, while the two one to fifteen year sentences for

delivery of Oxycodone were to run concurrently. It is from the sentencing order that petitioner appeals.

We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Moreover, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 2, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009).

On appeal to this Court, petitioner does not allege that his sentence exceeds the bounds of the applicable statute. On the contrary, the record clearly shows that petitioner was sentenced within the applicable statutory limits, as West Virginia Code § 60A-4-401(a)(i) provides that individuals convicted of the applicable crimes "may be imprisoned in the state correctional facility for not less than one year nor more than fifteen years . . . ." Further, petitioner does not allege that the circuit court based his sentence on any impermissible factor. Instead, petitioner simply argues that the circuit court's imposition of consecutive sentences violated his equal protection rights because it subjected him to an excessive and disproportionate sentence. As such, petitioner argues that the circuit court abused its discretion in imposing its sentence. However, we find that these allegations do not entitle petitioner to the requested appellate review.

Next, petitioner argues that he received ineffective assistance of counsel because his attorney refused to allow him to testify on his own behalf at trial. We have long held that

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). In a direct appeal, it is difficult for this Court to determine "whether the attorney's performance below was ineffective or merely the result of trial strategy." *State v. Bess*, 185 W.Va. 290, 293, 406 S.E.2d 721, 724 (1991). Further, this Court has cautioned that "[i]neffective assistance claims raised on direct appeal are presumptively subject to dismissal." *State v. Miller*, 197 W.Va. 588, 611, 476 S.E.2d 535, 558 (1996). Based on the record before this Court on direct appeal, we are unable to determine whether trial counsel's performance was ineffective or the result of trial strategy. Therefore, we reject this assignment of error.

For the foregoing reasons, the circuit court's February 8, 2016, sentencing order is hereby affirmed.

2

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker